UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARLENE PEREZ and CELESTE WILLIAMS,

                      Plaintiffs,  **REPORT AND RECOMMENDATION AND ORDER**

        -against-  CV-05-4873 (CPS) (JMA)

JASON SIRAGUSA, a police officer employed by
the New York City Police Department, MICHELLE
ANTONIATO, a police officer employed by the New
York City Police Department, EMILY BIONDO, and
FRANK BIONDO

                      Defendants.
------------------------------------------------------------------X

A P P E A R A N C E S:

Elliott Barry Leibowitz
Attorney At Law
325 Broadway, Suite 500
New York, NY 10007
    *Attorney for Plaintiffs*

Brooke Allyson Birnbaum
New York City Law Department
100 Church Street
New York, NY 10007
    *Attorney for Defendants Siragusa and Antoniato*

Sharon D. Simon
Steinberg, Fineo, Berger & Fischoff, P.C.
401 Broadhollow Road, 4th Floor
Melville, NY 11746
    *Attorney for Defendants Emily Biondo and Frank Biondo*

**AZRACK, United States Magistrate Judge:**

    By order of August 16, 2007, the Honorable Charles P. Sifton, United States District Judge,

1

while denying the motion of the above-named defendants for dismissal of this case pursuant to Fed. R. Civ. P. 37 ("Rule 37") and Fed. R. Civ. P. 41 ("Rule 41"), referred this case to me for a report and recommendation on whether to grant fees and costs to the defendants pursuant to Rule 37(b)(2). For reasons set forth more fully below, I recommend that plaintiffs be ordered to pay the defendants' reasonable costs incurred in obtaining compliance with my discovery orders, in an amount to be determined upon submissions by the defendants.

In addition, I order plaintiffs to produce adequate responses to certain interrogatories of the Biondo defendants, as specified more fully below, before February 28, 2008. Plaintiffs are also ordered to ensure that they have provided adequate responses to the City defendants' interrogatories by that date. If plaintiffs fail to provide complete and adequate interrogatory responses to the City and Biondo defendants before February 28, 2008, I grant the defendants leave to file a motion before me for further sanctions under Rule 37(b).

## I. BACKGROUND AND FACTS

Plaintiffs filed their complaint on October 18, 2005, alleging, <u>inter</u> <u>alia</u>, violations of their civil rights under 42 U.S.C. §§ 1981, 1982, 1983, and 3617. Plaintiffs filed an amended complaint on February 3, 2006. In the summer and fall of 2006, several conferences were held and a discovery schedule was set.

On November 14, 2006, Emily Biondo and Frank Biondo ("the Biondo defendants") served their first set of interrogatories on plaintiffs. Jason Siragusa and Michelle Antoniato ("the City defendants") served their interrogatories on the plaintiffs on November 22, 2006.

Plaintiffs' original attorney, Mark Goidell, requested to withdraw in a letter to the Court dated September 14, 2006, but continued representing plaintiffs until their current attorney, Elliott

Liebowitz, first appeared on their behalf at a settlement conference on March 5, 2007. Between then and early April 2007, discovery disputes that had festered while plaintiffs obtained new counsel finally erupted. An exchange of letters between the parties resulted in plaintiffs producing some, but by no means all, of the discovery defendants had requested. The City and Biondo defendants filed motions on April 30, 2007 and May 1, 2007, respectively, requesting that I compel plaintiffs to respond to their interrogatories and produce other outstanding discovery materials. I granted the defendants' applications on May 1, 2007 and, I hoped, highlighted to plaintiffs the importance of promptly completing discovery by ordering that all outstanding materials be produced within one week, by May 7, 2007.

Plaintiffs did not comply with this order, and on May 23, 2007, the Biondo defendants filed another motion for production of still-undisclosed materials. I held a discovery hearing on May 30, 2007, and again ordered plaintiffs to provide outstanding written discovery within one week, by June 6, 2007, and indicated that I would grant no further continuances. I gave defendants leave to move for dismissal of the case if plaintiffs failed to comply.

Plaintiffs failed to comply with the May 30, 2007 order, and on June 11, 2007, the Biondo defendants moved for dismissal of the case and an award of attorneys fees and costs pursuant to Rule 37(d). The City defendants also moved for dismissal of the case on June 11, 2007, citing Rule 37(b)(2) and Rule 41(b).

Plaintiffs' counsel responded by letter dated June 19, 2007. He stated that, after his entry into the case on March 5, 2007, the defendants did not make him aware of any outstanding discovery issues until he received a letter from the City defendants dated April 18, 2007, to which he responded with all releases and authorizations in his possession and a request for a list of any other outstanding

3

materials. Regarding the motion of the Biondo defendants, plaintiffs' counsel stated that, "Once I was advised of the various items requested by [counsel for the Biondo defendants], I promptly forwarded her all releases and authorizations characterized as important, and advised that I would supply additional discovery items as soon as possible." Plaintiffs' counsel, regarding plaintiffs' failure to comply with my May 30, 2007 order, indicated that he suffered from medical and unspecified time restrictions that had prevented compliance. Plaintiffs' counsel claimed that all required disclosures were made to the City defendants on June 12, 2007 and to the Biondo defendants on June 14, 2007. The Biondo defendants, by letter dated June 19, 2007, and the City defendants, by letter dated June 22, 2007, both claimed that plaintiffs' interrogatory responses, now provided, were deficient, and indicated that some authorizations requested from plaintiffs were still outstanding.[1]

Judge Sifton heard, and denied, the City and Biondo defendants' motions to dismiss on August 16, 2007, and then referred the case back to me for a report and recommendation on whether plaintiffs should be required under Rule 37(b)(2) to pay the reasonable expenses, including attorneys' fees and costs, caused by plaintiffs' failure to comply with discovery requirements.

## II. DISCUSSION

**A.** **Recommendation that Rule 37 Sanctions be Imposed on Plaintiffs**

I twice issued an order requiring plaintiffs to answer defendants' interrogatories by a specific date, and plaintiffs failed to comply each time. Rule 37 permits parties to file a motion for a court

---

[1] Plaintiffs' responses to the Biondo defendants' interrogatories are attached as Exhibit A to the Biondo defendants' June 19, 2007 letter. (Dkt. No. 45: Letter submitted in lieu of formal motion papers in reply to the June 19, 2007 letter submitted to the Court by Plaintiffs' counsel.)

order to resolve discovery disputes, permits various sanctions up to dismissal of the case for noncompliance with the court's discovery orders, and mandates an award of the successful movant's fees and costs against the disobedient party unless the nondisclosure was substantially justified or other circumstances make the award of expenses unjust. See Rule 37(b)(2)(C) (stating that "the court <u>must</u> order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure[.]") (emphasis added).

Plaintiffs' failure to comply with the two discovery orders was inexcusable. The only possible justification for nondisclosure can be found in the numerous belated objections asserted in the answers to the Biondo defendants' interrogatories. These objections are of no avail as they were waived when plaintiffs waited to assert them, without good cause, until almost six months after interrogatory answers were due. See Rule 33(b)(2) (interrogatory answers due in 30 days) and Rule 33(b)(4) (objections deemed waived if not timely stated).

The explanations offered by plaintiffs' counsel in his June 19, 2007 letter response to defendants' motions to dismiss, and in the hearing before Judge Sifton, do not excuse plaintiffs' non-compliance. Plaintiffs' counsel stated that defendants did not make him aware of any outstanding discovery issues from the time of his entry into the case on March 5, 2007 until the City and Biondo defendants' letters reached him in mid April, 2007. This is no excuse at all; counsel was obligated to review the file and familiarize himself with the case. This included learning that interrogatories served four months earlier remained unanswered. Indeed, once defendants' April letters arrived, plaintiffs' counsel had but to open the file to discover that it contained signed releases and authorizations, which he then mailed out. That it took a letter from defendants' attorney to get these authorizations and releases into the mail provides a window into the cavalier manner in which

5

plaintiffs have treated their discovery obligations.

Plaintiffs' counsel also mentioned in his June 19, 2007 letter that, at the time of my May 30, 2007 order, he requested that I give him more than a week to comply, which I refused to do. Counsel stated in his letter that at that time he knew that he was unlikely to be able to comply with my order because of medical tests he had scheduled and other unspecified time constraints. Plaintiffs' counsel admits that he did not mention these constraints at the time, despite knowing that they might result in a violation of my discovery order. I do not find that this new information from plaintiffs' counsel excuses plaintiffs' noncompliance with my May 30, 2007 order. Plaintiffs' counsel could have raised these concerns at the time to explain his request for an extension of time. Considering that plaintiffs had already violated one discovery order, this failure to raise justifications for an extension of time smacks of a post-hoc attempt to avoid sanctions, rather than the sort of legitimate constraints that might receive a sympathetic response if raised at the appropriate time.

Plaintiffs' failure to comply with my discovery orders was legally unjustified and without other legitimate excuse, and I therefore respectfully recommend that, pursuant to Rule 37(b)(2), plaintiffs be ordered to pay the reasonable attorney's fees and costs incurred by the City defendants and Biondo defendants in making the instant motions.

**B.     Order that Plaintiffs Provide Adequate Answers to Defendants' Interrogatories**

After carefully reviewing plaintiffs' responses to the Biondo defendants' interrogatories, I find the responses to the interrogatories numbered 1, 5, 7, 13, 14, 15, 16, 17, and 18 to be shamefully unresponsive and deficient. The interrogatory responses show all the signs of having been dashed off in a rush immediately after defendants' motions were served, right down to the garbled text at the end of general objection number four. As such, the importance of Rule 37 sanctions is

6

highlighted; it was apparently defendants' motions that finally shook loose from plaintiffs these answers, inadequate as they are.

As discussed above, plaintiffs' objections to these interrogatories were waived long ago. I therefore order plaintiffs to provide complete responses to the Biondo interrogatories numbered 1, 5, 7, and 14, instead of the objections that constitute the current responses. Plaintiffs are also hereby ordered to complete their response to Biondo interrogatory number 13 by providing the dates on which they allowed workmen to access the premises. Plaintiffs' response to Biondo interrogatory number 15, indicating that they do not know the caption and index number of a Queens County lawsuit in which Celeste Williams is a plaintiff, is simply audacious; they are directed to provide the information. Also audacious and completely unacceptable are plaintiffs' assertions, in response to the Biondo interrogatories numbered 16, 17, and 18 that they are not in possession of facts and circumstances that support or substantiate their own affirmative defenses.

All of the above interrogatory responses are to be corrected before the conference scheduled before me on February 28, 2008. At that conference, if any interrogatory responses to the City or Biondo defendants remain outstanding, the defendants will be given leave to file before me an additional motion for Rule 37(b) sanctions, including the preclusion of plaintiffs' claims and defenses that rely on the undisclosed information.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the fees and costs expended by defendants in order to obtain compliance with my discovery orders be awarded against plaintiffs, in an amount to be determined upon submissions by the defendants.

In addition, I order the plaintiffs to provide full answers to the City and Biondo defendants'

interrogatories before February 28, 2008, as explained above, and grant defendants leave to move for further sanctions under Rule 37 if plaintiffs do not comply.

Any objections to this report and recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1) (2000); Fed. R. Civ. P. 72, 6(a), 6(e).

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2008

/S/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE